# STATE OF MARYLAND

## *vs.*

# ROBERT E. GEDDES.

*Insurance brokers: who are; licenses; section 218 of Article 23
of the Code. Laws: extension of——; a legisla-
tive function.*

Section 218 of Article 23, defining who are to be deemed
insurance brokers, within the meaning of the law, while not in-
cluding all who may assist in making out and delivering poli-
cies, or in collecting the premiums, or giving out notices, etc.,
includes in that term all who, for a compensation, aid in nego-
tiating contracts of insurance.                          p. 168

A clerk, hired by a firm of licensed insurance brokers, who,
under their orders, delivered a policy previously effected by the
firm, and collected the premium therefor, is not acting in viola-
tion of the Act.                                         p. 168

For such a person to go, at the behest of his employers, to the
agents of other insurance companies, to effect the placing a risk,
is a distinctly *clerical service,* rendered to his own employers,
and not to the person seeking the insurance, and such acts are
not "aiding in negotiating insurance," within the meaning of
the law.                                            pp. 169-170

But a person who, without a license, acts as the procurer or
procuring cause in obtaining business for an insurance broker,
and aids in negotiating insurance contracts, comes under the
inhibition of the law.                                   p. 169

And the soliciting and obtaining of the renewal of a policy
already in force does not·differ from the act of soliciting and
procuring the original agreement, and a party who acts for
compensation in procuring such a renewal, is an insurance
broker.                                                 p. 170

It is for the Legislature, and not for the courts, to extend the
laws, when it may deem advisable, so as to cover cases not pro-
vided for in existing statutes.                          p. 170

*Decided December 7th, 1915.*

Appeal from the Criminal Court of Baltimore City.
(BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Lindsay C. Spencer, Assistant State's Attorney,* and *Edgar Allan Poe, the Attorney-General,* (with whom was *Wm. F. Broening, State's Attorney for Baltimore City,* upon the brief), for the appellant.

*Charles Claggett* and *William L. Marbury* (with whom was *James Thomas* upon the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The traverser, Robert E. Geddes, was indicted by the Grand Jury of Baltimore City, on the charge of violating the provisions of the Code of Public General Laws in regard to insurance brokers, in that he had acted as such a broker without having procured the license required under sections 218 and 219 of Article 23 of the Code. The indictment contained six counts, each charging the offense in varying language, by which it was sought to set out the different acts done or supposed to have been done by the traverser, any one of which would amount to a violation of the statute. The indictment and each count of it was demurred to. The Criminal Court of Baltimore City overruled the demurrer as to the first count, but sustained it as to the remaining five counts. The case proceeded to trial on the first count and Mr. Geddes was acquitted. The State then appealed, thus bringing up for review the correctness of the ruling of the trial Court with regard to the five counts, the demurrer to which was sustained.

The first count is not before us for consideration, and if it were the traverser concedes that the count was good and properly charged an offense under the statute. The fifth count may be equally readily disposed of. Section 218 of the Article embodies the following definition of who is to be regarded as an insurance broker: "Whoever, for compensation, acts or aids in any manner in negotiating contracts of insur-

ance, or re-insurance, or placing risks or affecting insurance or re-insurance for a person other than himself, and not being a duly appointed solicitor agent or officer of the company in which such insurance or re-insurance is effected, shall be deemed an insurance broker within the meaning of this article."

The important element is the "negotiating contracts" of insurance. There may be and doubtless are many acts done in and about the making out, and delivering of policies, collecting premiums thereon, or giving notices in connection therewith of a purely clerical description, but so long as they do not relate to the negotiation of the contract, they do not come within the terms of the act.

In the fifth count it was charged that Geddes was a clerk for hire of the firm of Turner & Thomas, who were licensed insurance brokers, and that while so employed and acting in pursuance of the instructions of said firm did deliver to James S. Francis a policy of insurance previously effected by said firm and collect the premium due on the policy, which premium Geddes handed over to said firm. Conceding that the traverser had done every act set forth in this count, none of them amounted to the negotiation of a contract, or even aiding therein, and the demurrer to this count was therefore properly sustained.

The second count sets out that Geddes was employed by Turner & Thomas as a solicitor of insurance to be placed through that firm of brokers, and inducing persons who might be desirous of placing insurance to do so through such firm, and that for such services Geddes was paid a commission on the business he brought in to the firm of Turner & Thomas. Stated in simpler terms the charge here was that the traverser was the procurer, or procuring cause as it is some times expressed of business for his employers. If now he was the means through which the business was obtained, he was certainly an aid in the negotiation of the contracts, even though the insurance policies were issued by a company or companies for which Turner & Thomas were not the agents. The

statute does not make it necessary that a person to be a broker shall be the sole intermediary between the insured and the company issuing the policy; one who "aids" in the negotiation falls within its terms, and therefore he who brings the person desiring insurance and the company together, even through the intervention of a third party is an "aid," and falls within the terms of the statute.

It was suggested by the Attorney-General in argument that the traverser might be liable under sections 184 and 192 of Article 23. But so far as the present case is concerned it is sufficient to say that Mr. Geddes was not indicted under these sections, which relate solely to solicitors for insurance companies, that nowhere is there any provision for solicitors for insurance brokers, and that one who acts as a solicitor for such broker is either subject to no license whatever, or else he is within the definition of a broker. The Court below was therefore in error in sustaining the demurrer to the second count.

The third count differs from the second in two respects, viz: Setting forth that the employment of Mr. Geddes was as a clerk, instead of solicitor, and that he was paid a salary, instead of a commission on business secured. The count further sets out that his clerical duties included the soliciting and procuring customers for said firm, and that he did solicit and procure from James S. Francis, authority for the firm of Turner & Thomas to place certain insurance for said Francis. With such allegations this count in the indictment must be regarded as sufficient in accordance with what has been said in respect to the second count.

The fourth count sets out the employment of Geddes as a clerk upon a salary, and that Francis having authorized Turner & Thomas to place certain insurance for him, Geddes, in the course and as a part of his employment, was sent by his employers to the agents of one or more insurance companies to effect the placing of the risk. This was a distinctly clerical service rendered not to the one seeking the insurance but to the employers of the traverser. To construe such an

act as a violation of the statute would be to render it ridiculous, which a Court will never do. 36 *Cyc.* 1107; *Fields* v. *U. S.,* 27 App. Cas. (D. C.) 433. We accordingly concur with the lower Court in sustaining the demurrer to this count.

By the sixth count the offense charged consisted in soliciting and obtained the renewal of a policy already in force. There is nothing in the record to show that the policy so renewed differed in any material respect from the usual policy of insurance. Assuming it to have been such, the original contract was one of indemnity for a specified length of time, one which would terminate by the mere lapse of time, upon the completion of the period for which it was entered into. The parties might agree to continue the contractual relation for a still longer time, under the name of a renewal, but in legal effect it amounted to a new contract, supported by a new consideration, and requiring the assent of both parties just as much as the original contract. The act of soliciting and procuring the new contract, or renewal as it is called can not be distinguished from the act of soliciting and procuring the original agreement, and must be governed by the same considerations as applied when discussing the second and third counts, and the demurrer to this count should have been overruled.

It may very well be that in a proper adjustment and regulation of the business of insurance, in view of the exigencies of modern business, and with a due regard to the revenues of the State, some provision should be made for the licensing of solicitors for insurance brokers, but the power to do so is a legislative one, and as yet the Legislature has not acted upon the subject, but the remedy for that must be sought elsewhere than in the courts.

For the errors indicated in the rulings of the Criminal Court on the 2nd, 3rd and 6th counts, the judgment must be reversed and the case remanded in order that the traverser may be tried upon these counts.

*Judgment reversed, with costs.*